1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                       NORTHERN DISTRICT OF CALIFORNIA

9

10   SHEILA JACKSON and ALYSIA
     SILVERS,                                  Case No. 15-cv-00243 NC
11
                         Plaintiffs,           **ORDER TO SHOW CAUSE RE:**
12                                             **SUBJECT MATTER JURISDICTION**
            v.                                 Re: Dkt. No. 1
13
     HOTCHALK, INC.,
14
                         Defendant.
15

16          Federal courts are courts of limited jurisdiction and are presumptively without

17   jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  In

18   fact, before examining the merits of a case, a court may dismiss an action *sua sponte* for

19   lack of subject matter jurisdiction.  *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983).

20   Here, while plaintiffs' complaint asserts that jurisdiction is proper under 28 U.S.C. § 1332,

21   there appears to be no basis for this Court's jurisdiction.  The Court, therefore, orders

22   plaintiffs Sheila Jackson and Alysia Silvers to show cause why this case should not be

23   dismissed for lack of subject matter jurisdiction.

24          The Class Action Fairness Act gives federal district courts original jurisdiction over

25   class actions in which the class members number at least 100, at least one plaintiff is

26   diverse in citizenship from any defendant, and the aggregate amount in controversy

27   exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d).  Notably, CAFA

28   "abandons the complete diversity rule for covered class actions."  *Abrego v. Dow Chem.*

Case No. 15-cv-00243 NC

1   *Co.*, 443 F.3d 676, 680 (9th Cir. 2006).  As a result, "minimal diversity" is all that CAFA

2   requires; this exists if "any member of a class of plaintiffs is a citizen of a State different

3   from any defendant."  28 U.S.C. § 1332(d).

4        Still, it remains that "[a] party asserting diversity jurisdiction bears the burden of

5   proof."  *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).  Moreover, pleading minimal

6   diversity under § 1332 requires the asserting party to specify the state *citizenship* of the

7   diverse parties—alleging a party's *residency* in another state is not enough.  *See Kanter v.*

8   *Warner-Lambert Co.*, 265 F.3d 853, 857-58 (holding that because "the diversity

9   jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency" the

10  defendant's failure to specify state citizenship was "fatal to defendants' assertion of

11  diversity jurisdiction").  Residency is inadequate because "a person residing in a given

12  state is not necessarily domiciled there."  *Id.*  (to determine a person's citizenship, courts

13  look to a person's domicile, which is "her permanent home, where she resides with the

14  intention to remain or to which she intends to return").

15       Here, plaintiffs' complaint does not sufficiently allege citizenship to satisfy the

16  requirement of minimal diversity under CAFA.  Although plaintiffs allege that HotChalk is

17  "a Delaware corporation with its principal place of business" in California, they do not

18  specify both plaintiffs' state citizenship.  Dkt. No. 1 at ¶ 5.  Indeed, while the complaint

19  asserts, "Silvers is a citizen of the state of California," it fails to assert whether Jackson is a

20  citizen of a state different from HotChalk's state citizenship.  Dkt. No. 1 at ¶¶ 2 ("Plaintiff

21  Sheila Jackson is a resident of Tucson, Arizona."), 10 (asserting Silvers' citizenship).

22  Silvers herself does not satisfy the minimal diversity requirements because she has the

23  same state citizenship as HotChalk: California.  *See* 28 U.S.C. § 1332(c)(1) (a corporation

24  is deemed to be a citizen of any State by which it has been incorporated and of the State

25  where it has its principal place of business).  Without knowledge regarding the state

26  citizenship of Jackson, the Court cannot determine whether plaintiffs meet the minimal

27  diversity requirement under CAFA.

28  //

United States District Court
Northern District of California

Accordingly, the Court orders plaintiffs to show cause within 14 days, why the Court should not dismiss this case for lack of subject matter jurisdiction.  Alternatively, plaintiffs may file an amended complaint within 14 days that cures the deficiencies discussed above.  In the meantime, HotChalk's motion to dismiss plaintiffs' complaint remains under submission.  Dkt. No. 19.

**IT IS SO ORDERED.**

Dated:  July 24, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California